UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JASON PAIGE,  :
 : **DECISION AND ORDER**
Petitioner, : 13-cv-1465 (WFK)
 :
-against- :
 :
WILLIAM A. LEE, SUPERINTENDENT, :
GREEN HAVEN CORRECTIONAL FACILITY, :
 :
Respondent. :
 :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Jason Paige ("Petitioner"). Petitioner seeks federal habeas relief based on ineffective assistance of counsel. Petitioner argues his counsel was ineffective on three grounds: (1) failure to object to inflammatory statements during summation, (2) failure to preserve for appellate review the failure of a prosecution witness to make an in-court identification of Petitioner, and (3) failure to adequately investigate a conflict of interest between the lead detective and Petitioner's aunt. For the reasons discussed below, Petitioner's claims are meritless. Accordingly, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Between July 3 and July 20, 2008, Petitioner restrained Denetria Council ("Council"), his then-girlfriend, inside an apartment where Petitioner and Council lived with Petitioner's nine-year old daughter and six-month old niece. Dkt. 9, Affirmation in Opposition to Petition for a Writ of Habeas Corpus ("Affirmation") at ¶ 4. Petitioner believed that Council had cheated on him. *Id.* During this seventeen day period, Petitioner repeatedly demanded that Council admit to cheating on him and repeatedly beat Council on her back and body with an electrical cord. *Id.* At various times throughout the seventeen days, Petitioner would duct-tape Council to a crib to prevent her from moving. *Id.* He would also pour water over her back to irritate her wounds.

*Id.* As a result of Petitioner's actions, Council sustained countless lacerations and scarring over her back and body. *Id.* Eventually, Council was able to escape from Petitioner. *Id.*

Based on the foregoing, Petitioner was charged by Kings County, Indictment Number 7224/2008, with (1) one count of Kidnapping in the First Degree under New York Penal Law ("NYPL") § 135.25[2], (2) one count of Kidnapping in the Second Degree under NYPL § 135.20, (3) two counts of Assault in the First Degree under NYPL § 120.10[1], [2], (4) one count of Attempted Assault in the First Degree under NYPL §§ 110.00/120/10[1], (5) one count of Assault in the Second Degree under NYPL § 120.05[2], (6) one count of Unlawful Imprisonment in the Second Degree under NYPL § 135.05, (7) one count of Assault in the Third Degree under NYPL § 120.00[1], (8) three counts of Criminal Possession of a Weapon in the Fourth Degree under NYPL § 265.01[2], (9) two counts of Endangering the Welfare of a Child under NYPL § 260.10[1], and (10) one count of Attempted Assault in the Third Degree under NYPL §§ 110.00/120.00[1]. *Id.* at ¶ 5

On June 3, 2009, Petitioner's jury trial on the aforementioned charges commenced in the New York State Supreme Court, Kings County. *Id.* at ¶ 9. On June 16, 2009, the jury returned a verdict convicting Petitioner of Second Degree Kidnapping and two counts of First Degree Assault, one count for causing serious physical injury with a dangerous instrument and the other count for causing injury with intent to disfigure. *Id.* at ¶ 11. Petitioner, however, was acquitted of First Degree Kidnapping, the most serious charge. *Id.*

Following the guilty verdict, Petitioner filed a *pro se* motion in New York State Supreme Court, Kings County, to set aside the verdict under New York Criminal Procedure Law § 330.30 partly based on ineffective assistance of counsel for failure to request a psychiatric examination to determine Petitioner's fitness to proceed. *Id.* at ¶ 12.

On July 29, 2009, the trial court orally denied Petitioner's *pro se* motion to set aside the verdict and sentenced Petitioner to three concurrent determinate prison terms of twenty-five years on each count, to be followed by five years of supervised release. *Id.* at ¶ 13.

After sentencing, with the assistance of assigned appellate counsel, Petitioner appealed his judgment of conviction to the Appellate Division. *Id.* at ¶ 14. On or about March 29, 2011, appellate counsel filed a brief appealing Petitioner's judgment arguing Petitioner received ineffective assistance of counsel based on counsel's failure to object to "inflammatory statements by the prosecutor in summation, including calling [Petitioner] the 'poster child for domestic violence abusers.'" *Id.*

On October 18, 2011, the Appellate Division unanimously affirmed Petitioner's judgment of conviction and found that Petitioner had received effective assistance of counsel. *Id.* at 16; *see also People v. Paige*, 931 N.Y.S.2d 262 (2d Dep't 2011).

On November 16, 2011, Petitioner applied to the New York State Court of Appeals for leave to appeal the Appellate Division's decision confirming Petitioner's conviction. Affirmation at ¶ 17. Petitioner sought review of all claims raised in his appeal to the Appellate Division. *Id.* On January 12, 2012, the New York State Court of Appeals denied Petitioner's leave to appeal. *Id.* at ¶ 19; *see also People v. Paige*, 963 N.E.2d 132 (N.Y. 2012).

On March 15, 2013, Petitioner filed his *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this Court. Affirmation at ¶ 21; Dkt. 1, Petition for Writ of *Habeas Corpus* ("Petition"). The Petition challenges Petitioner's incarceration on the basis Petitioner received ineffective assistance of counsel at trial. Petition at 16-18.[1]

---

[1] Petitioner's originally filed Petition stated three grounds for habeas relief. Petition at 16-18. On April 25, 2013, Petitioner submitted a letter to withdraw his first and third grounds of the Petition. Dkt. 5. On March 19, 2014, the Court granted Petitioner's request to withdraw grounds one and three. Dkt. 10, Memorandum and Order at 1. Therefore, the only issue remaining for the Court to determine is

Petitioner argues he received ineffective assistance of counsel on three grounds: (1) "Defense Counsel failed to object to all inappropriate and inflammatory remarks made by the prosecution during summation[,]" including statements where "[t]he prosecutor called the Petitioner a 'poster child for domestic violence abusers,'" and referred to Council's skin as being "'ripped like a piece of meat,'" (2) "Defense Counsel failed to preserve for appellate review the failure of a prosecution witness to make an in-court identification of [Petitioner]," and (3) "[Defense] Counsel failed to adequately investigate [Petitioner's] claim that lead [New York Police Department] detective[] Steven Swantek[] had a conflict of interest issue in that Swantek had [a] prior romantic relationship with Petitioner's aunt which ended on bad terms." *Id.* at 16-17. With respect to the second ground, Petitioner acknowledges he did not exhaust available state remedies. Specifically, Petitioner states:

> 'Ground Two' was *not* exhausted via state remedies available. There are three reasons explaining th[is] lack of exhaustion. First, Appellate Counsel elected to make an alternative ineffective assistance of counsel claim, while raising the issues in her brief. Second, she elected to raise the unpreserved issues, asking the Court to exercise its interest of justice jurisdiction. Consequently, issues '1' and '2' were not exhausted by state appellate review. Third, Petitioner is a Pro se litigant who has an 11th grade education and a history of being treated for mental illness. Petitioner has sought assistance from a paralegal inmate in the facility's law library where he is currently incarcerated to litigate this issue. Hence, issue number '3' likewise has not been exhausted.

*Id.* at 17-18 (emphasis in original). Moreover, Petitioner also concedes that issues two and three for his ineffective assistance of counsel claim were not raised on direct appeal. *Id.* at 18. Lastly, Petitioner also acknowledges all issues comprising his ineffective assistance of counsel claim were neither raised through a post-conviction motion nor through state habeas corpus review. *Id.*

---

whether habeas relief should be granted based on the issues raised in Petitioner's ineffective assistance of counsel claim.

# DISCUSSION

## I. Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). For the reasons discussed below, the Court denies the Petition in its entirety.

## II. Analysis: Petitioner's Ineffective Assistance of Counsel Claim

Petitioner bases his ineffective assistance of counsel claim on the following three actions of counsel: (1) failure to object to inflammatory statements made by the prosecutor during summation, (2) failure to preserve for appellate review the failure of a prosecution witness to make an in-court identification of Petitioner, and (3) failure to adequately investigate a conflict of interest between the lead detective Steven Swantek and Petitioner's aunt. The Court addresses each issue in turn.

### A. Defense Counsel's Failure to Object to Inflammatory Statements Satisfied *Strickland*

Petitioner first argues he is entitled to federal habeas relief for ineffective assistance of counsel based on defense counsel's failure to object to inflammatory statements made during summation. Petitioner's argument is unavailing.

A petitioner is entitled to *habeas corpus* relief if he can show the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the state court's application of federal constitutional principles must be "objectively unreasonable" to warrant issuance of the writ. *Id.* at 409. "This distinction creates 'a substantially higher threshold' for obtaining relief than *de novo* review." *Renico*, 559 U.S. at 773 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'"

—6—

*Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694

As discussed above, Petitioner raised his ineffective assistance of counsel claim based on defense counsel's failure to object to inflammatory statements made during summation in his Appellate Division Brief. Petition at 14. The statements at issue made by the prosecutor are as follows: (1) calling Petitioner a "poster child for domestic violence abusers," (2) referring to Council's skin as being "ripped like a piece of meat," and (3) urging the jury to "[g]ive [Council] the chance to stay away. Give her a chance to have a life without [Petitioner]." *Id.* at 17.

The Appellate Division rejected Petitioner's claim on the merits. Affirmation at ¶ 16. Petitioner thereafter presented his claim to the New York Court of Appeals, but the New York State Court of Appeals denied Petitioner's leave to appeal. *Id.* at ¶¶ 17, 19.

Here, there is nothing in the record to suggest the state courts applied *Strickland* unreasonably when rejecting Petitioner's ineffective assistance of counsel claim based on statements made by the prosecutor during summation. *See Harrington*, 562 U.S. at 101 In fact, all indications demonstrate that Petitioner's trial counsel performed well above the requirements of *Strickland*.

Under the first prong of *Strickland*, a review of the record reveals a professionally sound and successful performance by defense counsel. This is especially true given that defense counsel was successful in obtaining an acquittal on the count of First Degree Kidnapping – the most serious count with which Petitioner was charged. *See, e.g., Riddick v. Fischer*, 04-CV-2230, 2004 WL 2181118, at *4 (S.D.N.Y. Sept. 27, 2004) (Lynch, J.) (rejecting habeas relief based on ineffective assistance of counsel where "[Petitioner] was acquitted of the most serious charges against him[.]").

Furthermore, any objection to the allegedly inflammatory statements made by the prosecutor during summation would have been futile given the graphic photographs of Council's injuries presented to the jury. *See* Appendix A (photos of Council presented as State's Ex. 9A-9F at trial). "The failure to make demonstrably futile arguments cannot constitute constitutionally ineffective assistance of counsel." *Maldonado v. Burge*, 697 F. Supp. 2d 516, 541 (S.D.N.Y. 2010) (Holwell, J.) (internal quotation marks and citation omitted). Here, the photographs explicitly showcase the extent of Council's injuries – scabbing, bleeding, open lacerations, and crisscross whip marks all over the front and back of her arms, legs, hands, shoulders, torso, and

back. Appendix A (photos presented as State's Ex. 9A-9F at trial). Given the impact of this evidence, any attempt to object to the prosecutor's statements made during summation would have been futile. It is completely plausible that defense counsel chose not to object to the prosecutor's statements made during summation to avoid further highlighting the damning evidence. *Taylor v. Fischer*, 05-CV-3034, 2006 WL 416372, at *5 (S.D.N.Y. Feb. 21, 2006) (Lynch, J.) ("The Court of Appeals identified several strategic considerations that could have led a reasonable lawyer to forgo objections . . . [including] the desire not to call attention to unfavorable evidence or to highlight unfavorable inferences.") (internal citation omitted). Because Petitioner has failed to meet the first prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). In any event, the Court will analyze the second prong to show that Petitioner's argument fails under both prongs.

Under the second prong of *Strickland*, Petitioner has not demonstrated any prejudice that resulted from defense counsel's failure to object to statements made by the prosecutor during summation. Specifically, there is nothing in the record to suggest "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Given the overwhelming evidence – testimony from Council, medical records, and graphic photographs of Council's injuries – there is no reasonable probability that the outcome of the trial would have been more favorable to Petitioner had defense counsel objected to the statements made by the prosecutor during summation. As such, defense counsel's failure to object to the statements made by the prosecutor did not provide a complete and independent basis for the jury to find Petitioner guilty beyond a reasonable doubt. *Id.* at 695 ("When a defendant challenges a

conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

Based on the above, the state courts did not unreasonably apply *Strickland*. Accordingly, Petitioner's claim for relief based on ineffective assistance of trial counsel on this issue is DENIED.

### B. Petitioner's Ineffective Assistance of Counsel Claim Regarding Defense Counsel's Failure to Object to an In-Court Identification is Procedurally Barred

Petitioner's second claim for ineffective assistance of counsel is based on defense counsel's failure to preserve for appellate review the failure of a prosecution witness to make an in-court identification. Petitioner's argument, however, is barred as a matter of law.

The general rule under § 2254 is a habeas petitioner serving a state sentence must first exhaust all available state court remedies. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in the lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen. of the State of N. Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted). "When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile. In such a case the habeas court theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (quoting *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)). As the Second Circuit has recognized, this "proves to be cold comfort

to most petitioners because it has been held that when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Dismissal of a federal habeas petition on procedural default grounds "differs crucially" from a dismissal for failure to exhaust state court remedies because a procedural default constitutes "an adjudication on the merits." *Turner v. Artuz*, 262 F.3d 118, 122–23 (2d Cir. 2001) (citation omitted). "This means that any future presentation of the claim would be a second or successive habeas petition, requiring authorization by [the Second Circuit] pursuant to 28 U.S.C. § 2244(b)(3)(A)." *Aparicio*, 269 F.3d at 90 (citation omitted). "For a procedurally defaulted claim to escape this fate, the petitioner must show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." *Id.* (citing *Coleman*, 501 U.S. at 748-50).

Moreover, N.Y. Crim. Proc. Law § 440.10(2)(c) "requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record." *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003). "The purpose of this rule 'is to prevent Section 440.10 from being employed as a substitute for direct appeal when the defendant was in a position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so.'" *Id.* (quoting *People v. Cooks*, 491 N.E.2d 676, 678 (N.Y. 1986)) (brackets omitted).

Here, Petitioner has admitted his second argument for ineffective assistance of counsel based – defense counsel's failure to preserve for appellate review the failure of a prosecution

witness to make an in-court identification – was not exhausted using all state remedies available and was not raised on direct appeal. Petition at 17-18. Moreover, this claim could have been raised on direct appeal as it was based on the record at trial – specifically, the failure of a prosecution witness to make an *in-court* identification *during trial*. *Id.* Although Petitioner argues he should be excused from failing to raise this claim because his appellate counsel elected to make an alternative ineffective assistance of counsel claim and because he has an 11th grade education, such an argument is futile. *Id.* Petitioner has failed to establish how this argument demonstrates cause for default and prejudice. *Aparicio*, 269 F.3d at 90. Because this claim was never fairly presented to the state court for review, and the Petitioner is no longer able to raise such claims before the Appellate Division, as Petitioner has already made, and lost, his direct appeal, Petitioner's claim is foreclosed from federal habeas review in this Court. The Court therefore DENIES habeas relief on Petitioner's second argument of ineffective assistance of counsel.

### C. Petitioner's Ineffective Assistance of Counsel Claim Regarding Defense Counsel's Failure to Investigate a Conflict of Interest is Meritless

Petitioner's third and final claim for ineffective assistance of counsel is based on defense counsel's failure to adequately investigate a conflict of interest between lead detective Steven Swantek and Petitioner's aunt. Again, Petitioner's argument is unavailing.

As with Petitioner's second claim, Petitioner also admits this claim was not exhausted by all state remedies available and was not raised on direct appeal. Petition at 17-18. However, this claim differs from Petitioner's second claim for ineffective counsel in one crucial way: Petitioner still has the opportunity to exhaust this claim in state court as there are no facts to suggest this unexhausted claim is procedurally barred (*i.e.* there are no facts to suggest this was an issue at trial that could have been raised on direct appeal). *Id.* at 18. Nonetheless, the Court

may still deny Petitioner's claim on the merits because "'[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" 28 U.S.C. § 2254(b)(2).

Here, Petitioner's claim is meritless. Petitioner contends counsel was ineffective because:

> Counsel failed to adequately investigate [Petitioner's] claim that lead [New York Police Department] detective[] Steven Swantek[] had a conflict of interest issue in that Swantek had [a] prior romantic relationship with Petitioner's aunt which ended on bad terms. Further, Swantek was very familiar with Petitioner as a result of Swantek's relationship with his aunt. The detective failed to disclose this to the Court, the District Attorney's Office prosecuting the case, his colleagues who reported to the scene of the alleged crime with him to execute a search warrant, nor did he disclose this to his [New York Police Department] supervisors. Swantek planted evidence and assisted [Council] to fabricate testimony.

Petition at 17.

The general rule is "undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation have consistently been held insufficient to satisfy either *Strickland* prong." *Powers v. Lord*, 462 F. Supp. 2d 371, 381 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (citing *Polanco v. United States*, 99-CV-5739, 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000) (Haight, J.)); *see also Lamberti v. United States*, 95-CV-1557, 1998 WL 118172, *2 (S.D.N.Y. Mar. 13, 1998) (Leval, Circuit J.) (rejecting Sixth Amendment claim based on failure to investigate or communicate with petitioner as "vague and conclusory. [The allegations] do not identify counsel's asserted failings with any specificity or show how any different conduct might have changed the result. Such allegations cannot sustain a petition for habeas corpus."); *Madarikan v. United States*, 95-CV-2052, 1997 WL 597085, at *1 (E.D.N.Y. Sept. 24, 1997) (Johnson, J.) (denying ineffective assistance claim based on failure to investigate or interview

witnesses where petitioner's allegations of ineffective assistance were "conclusory, and g[a]ve no indication as to what exculpatory evidence may have been revealed by an investigation"); *United States v. Vargas*, 871 F. Supp. 623, 624 (S.D.N.Y.1994) (Broderick, J.) (rejecting ineffective assistance claim based on failure to investigate where there was "no evidence that avenues suggested by the client which might have altered the outcome were ignored").

Here, Petitioner does not provide any details to establish how counsel failed to conduct a proper investigation based on any alleged conflict of interest. For example, Petitioner does not provide any facts or evidence concerning how Swantek's alleged personal relationship with Petitioner's aunt interfered with his duties as a police officer in Petitioner's action. Additionally, Petitioner does not provide any facts or evidence concerning the nature, timing, and circumstances of Swantek's alleged romance and subsequent break-up with Petitioner's aunt to establish any plausible reason for a conflict of interest to arise. Furthermore, Petitioner does not even shed any light as to how any investigation of the relationship between Swantek and Petitioner's aunt would have been helpful to his case.

Because Petitioner's claim of ineffective assistance of counsel based on failure to investigate is simply too vague and conclusory to state a proper ground for habeas relief under either *Strickland* prong, it must be dismissed as meritless. *See Powers*, 462 F. Supp. 2d at 382.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2015
       Brooklyn, New York